IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Benson Bonds,           ) | |
|                         ) | Civil Action No. 8:06-1650-GRA-BHH |
| Plaintiff,   ) | |
|                         ) | |
|                         ) | **ORDER AND REPORT AND** |
|                         ) | **RECOMMENDATION OF** |
|                         ) | **MAGISTRATE JUDGE** |
| vs.                     ) | |
|                         ) | |
| Electrolux Home Products, Inc., ) | |
|                         ) | |
| Defendant.   ) | |
|                         ) | |

This matter is before the Court on the defendant's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and the plaintiff's motion to enlarge the time in which to serve the Complaint. In his complaint, the plaintiff alleges causes of action against the defendant, his former employer, for discrimination based upon a disability, pursuant to the Americans with Disabilities Act ("ADA"); wrongful discharge in violation of public policy; and breach of contract. The defendant has moved to dismiss the plaintiff's ADA claim.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff's employment with the defendant was terminated in 2004. The plaintiff filed an Americans with Disabilities Act (ADA) charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued its right to sue letter on or about July 11, 2005. The plaintiff filed the instant Complaint against the defendant in South

Carolina state court on or about October 7, 2005, which was less than 90 days after receiving the EEOC Right to Sue notice.

The plaintiff's original attorney, an associate at the same firm which continues to represent the plaintiff, failed to effectuate service within 120 days of the filing of the Complaint. Upon discovery of the omission, other attorneys for that firm served the defendant on May 1, 2006.

The defendant removed the matter to federal court on May 31, 2006, and filed a first Motion and Memorandum to Dismiss on June 7, 2006. The defendant has made a partial dismissal motion, in that it moves to dismiss the ADA claim as time-barred. The plaintiff has asserted two claims in addition to the ADA claim, which are not at issue here.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The defendant contends that the plaintiff's ADA claim should be dismissed for the plaintiff's failure to commence this action within the applicable statute of limitations period. Specifically, under the ADA, a plaintiff has 90 days from the time he has received a notice of his right to sue from the EEOC to commence a civil action in the district court. *See* 42 U.S.C. § 2000e-5(f)(1). It is undisputed that the plaintiff, in this case, received his right to sue letter from the EEOC on July 11, 2005. Accordingly, he had until October 9, 2005, to commence an action under the ADA.

The plaintiff timely filed his Complaint and ADA claim, in state court, on October 7, 2005. Counsel for the plaintiff, however, through his own inadvertence, admittedly failed to serve the Summons and Complaint on the defendant until May 1, 2006, outside the 120-day period of time prescribed by Rule 3 of the South Carolina Rules of Civil Procedure for commencement of actions,[1] S.C. R. Civ. P. 3(a)(2). (*See* Kellett Aff.) Accordingly, the Summons and Complaint expired prior to service. *Id.*

Instead of filing a new summons and complaint, the plaintiff apparently served the defendant with the expired ones (Notice of Removal, Ex. 1) and the case was subsequently removed by the defendant. That service, of course, was ineffective to commence the action as of the original date of filing, October 7, 2005. *See* S.C. R. Civ. P. 3(a)(2). The defendant argues, therefore, that the ADA claim can no longer be considered as filed within 90 days after receipt of the right to sue notice and should be dismissed.

The plaintiff has responded with a motion to extend the time within which to serve the Summons and Complaint. Relying on Rule 6 of the Federal Rules of Civil Procedure, the plaintiff argues "good cause" exists for such an extension of time because (1) there would be no prejudice to the defendant, who must defend the two state-law claims, anyway; (2) the failure to timely serve the defendant was of no fault of the plaintiff's; and (3) counsel for the plaintiff had serious family-related matters, which partly explain the oversight.

First, Federal Rule 6 is inapplicable; state procedural law governs the propriety of service prior to removal. *See Brazell*, 1995 WL 572890, at *1; *see also* n.1 *supra*. Second, even if Federal Rule 6 was applicable, the proper standard would be "excusable neglect." not "good cause." *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th

---

[1] The validity of service of process in an action before it is removed to federal court is determined by the law of the state pursuant to which service was made. *See, e.g., Brazell v. Green*, 1995 WL 572890, at *1 (4th Cir.1995); *Osborne v. Sandoz Nutrition Corp.*,1995 WL 597215 (1st Cir.1995); *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir.1993); *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir.1986); 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1082.

Cir.1996). Whenever a party seeks an enlargement of time *after* the expiration of that deadline, he must proceed under Rule 6(b)(2) and demonstrate that the failure to act within the prescribed time was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(2). As the 120-day period had already expired as of the time of the plaintiff's motion he would be required to demonstrate more than "good cause" under the Federal Rules of Civil Procedure. "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534.

In this case, counsel for the plaintiff contends that a single attorney in its law firm is responsible for the failure to timely serve the defendant. Of course, the plaintiff rightfully is the client of the entire law firm and not the exclusive responsibility of a single lawyer. Nevertheless, counsel has advanced no other reason than sheer oversight of an attorney -- although earnestly related to serious medical needs of his family -- as grounds to excuse the late service. Unfortunately, that is insufficient basis to find excusable neglect. *See id.* Moreover, the Fourth Circuit has agreed with the United States Supreme Court that it is appropriate to hold a "client accountable for mistakes of counsel." *Id*. at 533.

As stated, however, the question is whether there exists a basis under state law to extend the time for serving the Summons and Complaint, after that time has expired. The plaintiff though has not argued any applicable state specific law. South Carolina's own version of Rule of Civil Procedure 6 reads as follows:

> When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the time may be extended by . . . the court . . . upon motion made after the expiration of the specified period, for good cause shown . . . .

S.C. R. Civ. P. 6(b).

Accordingly, unlike the federal rule which requires a showing of excusable neglect, the plaintiff must show "good cause" for his failure to timely serve the summons and

4

complaint within the prescribed time. As stated, counsel for the plaintiff contends that serious medical needs of counsel's family contributed to the oversight and that an extension of time would not prejudice the defendant. The plaintiff, however, has not offered any South Carolina law explaining what constitutes "good cause" under Rule 6 and the Court has identified very few relevant cases.

Ignorance as to a time limitation or deadline, however, does not appear to be "good cause" under South Carolina law. *In re Beard*, 597 S.E.2d 835, 839 (S.C. App. 2004). By extension, failure to meet a deadline of which you are aware, therefore, would seem to constitute even less cause. The Court is, of course, imminently sympathetic to the demands of a law practice as balanced with the responsibilities of health, home, and family. But in a time of substantial technological and human resource it is difficult for the Court to conclude that the South Carolina courts would find good cause in the excuse - even a reasonably sympathetic one - of an attorney working in a larger practice who simply forgot a deadline. The Court's conclusion is not a condemnation of the attorney or his law firm, as mistakes invariably occur; but the excuse does not constitute legal "good cause."

The Court is simply unaware of any basis, even within its own discretion, to extend the time for service, after the expiration of that deadline, and excuse the untimely service.[2]

---

[2] The defendant focuses on the efficacy of 28 U.S.C. § 1448 to save the untimely service in state court. In accordance with the well-reasoned opinion of Eastern District of Virginia, *Morton v. Meagher*, 171 F. Supp. 2d 611 (E.D. Va. 2001), the Court would agree that Section 1448 would be ineffective to salvage the attempted service of process:

> However, § 1448 does not retroactively extend the time limits prescribed by state law in cases where service was untimely before the action is removed to federal court. Nothing in the text, or the legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived in the state courts. "Implicit in our conclusion is that § 1448 cannot be utilized to breathe jurisprudentially life into a case legally dead in state court."

*Id.* at 615 (citations omitted). The plaintiff, however, has not relied on Section 1448; in fact, he specifically rejects its applicability.

As a result, the plaintiff's ADA claim is time-barred and should be dismissed as this lawsuit was not brought within 90 days of receipt of the right to sue notice. *See, e.g., Akinrinade v. Service Amer. Corp.*, 2000 WL 472907, at *1 (4th Cir. April 25, 2000) (dismissing Title VII claim filed within statute of limitations but was not properly served within 120 days); *Williams v. Related Mgmt. Corp.*, 832 F. Supp. 100, 101-103 (tS.D.N.Y 1993) (dismissing Title VII Claim where plaintiff failed to commence state law action because the complaint was not served on defendant in accordance with state procedural rules); *Johnston v. Ethyl Corp.*, 683 F. Supp. 1059, 1061 (M.D. La. 1988) (ruling that statute of limitations was not tolled on plaintiff's Title VII claim that was filed within statute of limitations but not served within 120 days).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED the defendant's motion to dismiss should be GRANTED.

Further, it is ORDERED that the plaintiff's motion to enlarge time to serve the complaint is hereby DENIED.

August 30, 2006
Greenville, South Carolina

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE