UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Benson Bonds,<br><br>                     Plaintiff,<br><br>   v.<br><br>Electrolux Home Products, Inc.,<br><br>                     Defendant. | C/A No. 8:06-1650-GRA-BHH<br><br>ORDER<br><br>[Written Opinion] |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed August 30, 2006. Plaintiff filed this suit seeking relief under the Americans with Disabilities Act (ADA) and two state law causes of action. The magistrate recommends granting defendant's motion to dismiss the ADA claim because the summons and complaint were not served within 120 days of being filed in state court and therefore the action was not commenced within the required 90 days of issuance of the EEOC right to sue letter. For the reasons stated herein, the Court DENIES defendant's motion to dismiss and GRANTS plaintiff's motion to enlarge time to serve the complaint.

**Procedural History**

Plaintiff alleges two state law claims and an ADA claim against defendant. The EEOC issued plaintiff a right to sue letter on July 11, 2005, and plaintiff filed suit on

1

October 7, 2005, less than 90 days after receiving the right to sue letter. Plaintiff's attorney failed to effectuate service within 120 days of filing, due in large part to his son being diagnosed with autism. Replacement counsel discovered the error and served defendant on May 1, 2006.

Defendant removed the case to federal court on May 31, 2006 and filed the motion to dismiss on June 7, 2006. Defendant argues that the ADA claim is time-barred.

**Discussion**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections to the Report and Recommendation on September 15, 2006 and defendant filed a response to those objections on September 29, 2006.

Plaintiff objects to the magistrate's finding that federal law does not apply under these circumstances and that even if federal law did apply, plaintiff would not be entitled to relief. In deciding that Federal Rule of Civil Procedure 4(m) did not apply, the magistrate relied on *Morton v. Meagher*, 171 F. Supp. 2d 611 (E.D. Va. 2001). In *Morton*, the plaintiff brought a personal injury action against an out-of-state defendant and effected service four days too late. Defendant removed the case to federal court, then filed a motion to dismiss. In granting defendant's motion to dismiss, the Court held that the defendant had not been served within one year after the commencement of the action, nor had the plaintiff exercised due diligence to make timely service on him. Therefore, the Court concluded that the action was procedurally dead under Virginia state law before it was removed and 28 U.S.C. § 1448 could not be used to revive it.

Two other district courts in the 4th Circuit reached the opposite conclusion after considering similar facts to those in *Morton*. In *Randolph v. Hendry*, 50 F. Supp. 2d 572 (S.D. W.Va. 1999) the Court found that plaintiff's attempted service before removal was ineffective, but that dismissal for insufficient service of process was premature. "When no defendant has been served, in an action removed to federal court from state court, Rule 4(m) of the Federal Rules of Civil Procedure requires the plaintiff to serve the summons and complaint upon the defendant within 120 days from filing of the Notice of Removal in the federal court." *Id.* at 579. While *Randolph* might be distinguished because, unlike here, removal took place when timely service could

3

still be accomplished under state law, the Court recognized that its holding was much broader: "[T]he potential prejudicial impact of the Court's calculations will be borne by future defendants who are not served within the time period set forth under state law and who therefore have state procedural justification for dismissal. Placement of the burden on that rare defendant's shoulders is proper, however, because it is that defendant who makes the decision to remove the case to federal court and restarts the clock." *Id.* at 580.

In *Lawrence v. Hanson*, 197 F. Supp. 2d 533 (W.D. Va. 2002) the plaintiff failed to serve two defendants within the required time in state court, and the case was removed to federal court. Plaintiff sought to voluntarily dismiss the claims against those two defendants without prejudice. Defendants argued that the dismissal should be with prejudice because the claims were procedurally dead in state court due to the failure to serve process. The Court held the dismissal was without prejudice because upon removal of the case, the plaintiff had a fresh 120-day period within which to serve those defendants under Federal Rule of Civil Procedure 4(m). The Court considered the competing approaches of *Morton* and *Randolph*. "This court finds the analysis and outcome in *Morton* contrary to the very principles upon which it claims to be based…. The more persuasive, and ultimately more judicially efficient, approach to the issue now before this court is the one employed in *Randolph*. *Randolph* clearly delineates between the application of state and federal jurisdiction – state law applies before removal and federal law applies after removal." *Id*. at 539. This Court finds the

reasoning of *Randolph* and *Lawrence* more persuasive.  This approach eliminates the guesswork involved with determining whether the case was procedurally dead in state court upon removal.

Even if the Court applied state law here, it is not clear that the case was procedurally dead in state court.  Under South Carolina Rule of Civil Procedure 3(a), an action is commenced "when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."  Under Rule 6, the time for service may be extended even after the 120 days has passed for good cause shown.

There is little caselaw on what exactly constitutes good cause under Rule 6. The magistrate cited *In re Beard*, 359 S.C. 351, 597 S.E.2d 835 (S.C. App. 2004) for the proposition that ignorance as to a time limit is not good cause to extend a time limit.  However, the Court in *Beard* noted that a Rule 6 motion is directed to the trial court's discretion and would be overturned on appeal only for an abuse of that discretion.  The Court held that "a more specific showing of 'good cause'" was needed before it would find an abuse of the trial court's discretion.

This Court cannot say with any certainty that a South Carolina court reviewing these facts would not find good cause to extend the time for service.  The court might find *Beard* distinguishable because in this case, there are specific facts to support why

5

the complaint was not served within 120 days of filing. The court might further distinguish *Beard* because the Rule 6 motion in that case was made pursuant to the filing of a motion for attorney's fees under the Frivolous Civil Proceedings Sanctions Act. The attorney felt he had been the victim of a frivolous lawsuit and sought to recover for his attorney's fees. Thus, the Court was not sympathetic to an attorney who simply claimed he was ignorant of the time limitation on his own motion for attorney's fees. On the contrary, a South Carolina court might consider plaintiff's situation here to constitute good cause. The oversight of plaintiff's attorney could lead not to the dismissal of his own motion for attorney's fees, but to the dismissal of his client's cause of action.

Federal Rule of Civil Procedure 4(m) provides that if service of the summons and complaint is not made within 120 days of filing, the Court shall dismiss the action without prejudice or direct that service be effected within a specified time. If the plaintiff shows good cause, then the Court shall extend the time for service. The Advisory Committee note states "this section authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown…. Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action." That is the exact situation in this case. If the Court dismissed plaintiff's complaint without prejudice, his ADA claim would be time-barred upon re-filing. This would work an injustice to the plaintiff where there is no evidence that the delay was intentional or calculated to obtain an advantage in the litigation.

In its response to plaintiff's objections, defendant argues that it would be prejudiced if plaintiff is allowed to maintain his ADA claim because defendant will have to expend more time and resources than if only the state law claims were brought. However, virtually every defendant would be prejudiced if this were the standard. Defendant had actual notice of the ADA claim by virtue of the EEOC administrative process. Defendant cannot claim that it was unable to prepare a defense until it received the summons and complaint. Defendant makes no allegation that key evidence has been lost or destroyed as a result of the delay. The Court considers prejudice to the defendant not as the dispositive factor, but as one of many factors in exercising its discretion to extend the time for service.

The arguments contained in Part "B" of defendant's response are substantively the same as those made in the Report and Recommendation and have already been addressed herein.

Defendant argues that Rule 4(m) cannot extend the statute of limitations on plaintiff's ADA claim. The Court notes that the action was properly filed in state court within the 90-day statute of limitations. Furthermore, the Advisory Committee Note directly contemplates the ability of a court to grant relief under Rule 4(m) when the statute of limitations would bar the refiled action.

Defendant argues that the Fourth Circuit has interpreted Rule 4(m) to require a showing of good cause to merit an extension. *Mendez v. Eliot*, 45 F.3d 75, 79 (4th Cir. 1995). This Court is of the opinion that the plain text of the rule and the advisory

7

note do not require the plaintiff to demonstrate good cause. The rule mandates that the Court grant an extension when good cause is shown, but even in the absence of good cause the Court has two options: 1) dismiss the action without prejudice as to that defendant, or 2) direct that service be effected within a specified time. The Supreme Court agreed with this view in *Henderson v. United States*, 517 U.S. 654 (1996). "[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662 (quoting the advisory note). In *Mendez*, the Fourth Circuit Court of Appeals assumed that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m)." *Id.* at 78. However, this was not the case. Former Rule 4(j) read as follows: "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant...." The language of Rule 4(m) is substantively different and makes clear that the court may grant an extension even without good cause. For this reason, *Mendez* has drawn criticism and would probably not be followed by the Fourth Circuit. "[T]his court concludes that *Mendez* is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court and the other circuit courts." *Hammad v. Tate Access Floors*, 31 F.Supp.2d 524 (D.C.Md. 1999).

Even if the Fourth Circuit were to adhere to *Mendez* and require a showing of

8

good cause, the Court finds that plaintiff has met his burden.  In *McKenzie v. Target Stores*, 1997 U.S. Dist. LEXIS 22738 (D.S.C. Jan. 21, 1997), the court found there was good cause to grant an extension when the delay was due to serious illness suffered by counsel for the plaintiff, and plaintiff herself was not responsible for the delay.  The situation in this case is similar.  Plaintiff's former attorney was dealing with the sickness of a child and was therefore unable to devote his attention to plaintiff's case.  Upon discovery of the oversight, replacement counsel immediately sought to effect service and requested an extension of time shortly following the motion to dismiss.  While it is true that clients are often punished for the mistakes of their attorneys, this Court refuses to procedurally bar plaintiff's ADA claim where, as here, the defendant was already on notice of the claim and thus was not prejudiced by the delay in service.

Defendant's remaining objections to the state law provisions for extensions of service need not be addressed because the Court has determined that Rule 4(m) of the Federal Rules of Civil Procedure applies in this case.

Plaintiff's remaining objections need not be addressed because the Court agrees that Federal Rule 4(m) applies and affords plaintiff a limited extension.

IT IS HEREBY ORDERED that plaintiff's motion to enlarge time to serve complaint is GRANTED.  Plaintiff shall be allowed sixty (60) days from the entry of this Order to effect service of the summons and complaint upon the defendant.

IT IS FURTHER ORDERED that defendant's motion to dismiss is DENIED. However, the Court may re-visit this issue should the plaintiff fail to effect service in a timely manner.

The Court finds that it has been adequately informed of the issues by the thorough briefs of the parties. IT IS THEREFORE ORDERED that plaintiff's request for hearing on the motions is DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 6, 2006

## NOTICE OF RIGHT TO APPEAL

The parties have the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

11